IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON R. SCOTT,
    Petitioner,

vs.                                       Case No.: 3:09cv328/MCR/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## **O R D E R**

Petitioner has commenced this action by filing a document titled "Motion For Amendment/Supplement to Motion to Toll and/or Enlarge or Extend Procedural Deadline, 28 U.S.C. § 2244(d)(1) Previously Filed" (*see* Doc. 1).[1] Petitioner also filed a motion to proceed in forma pauperis (Doc. 2).

Petitioner states that the purpose of his motion is to prevent the State from asserting a procedural defense or defenses, such as statute of limitations or failure to exhaust state court remedies, at such time when Petitioner files a habeas petition under 28 U.S.C. § 2254 (*see* Doc. 1 and attachments). In essence, it appears Petitioner is seeking an extension of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), set forth in 28 U.S.C. § 2244(d)(1).

Since Petitioner is in custody pursuant to a state court judgment and seeks to challenge that judgment, his remedy is by petition filed pursuant to 28 U.S.C. § 2254. Under § 2244(d)(1), there is a one-year period for filing a § 2254 petition which generally runs from the date on which the

---

[1] Petitioner states he previously attempted to file a "Motion to Toll and/or Enlarge or Extend Procedural Deadline," but the clerk of court returned the motion to him because there was no case number on it, and a search of court records revealed no cases filed by Petitioner in this court (*see* Doc. 1 at 1). The clerk advised Petitioner to resubmit the motion with the appropriate case number on it or send the document to the appropriate court (*id.*).

conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review," although later commencement dates are specified in the statute. 28 U.S.C. § 2244(d)(1)(A)–(D). The one-year period is tolled for the time during which a "properly filed" application for relief is pending in state court. 28 U.S.C. § 2244(d)(2).

Until a petition is filed, the court lacks jurisdiction to consider its timeliness or Petitioner's entitlement to equitable tolling. *See* United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding, in the context of § 2255 which also has a one-year limitations period under the AEDPA, that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (citations omitted); *see also* Application of Wattanasiri, 982 F. Supp. 955, 957–58 (S.D.N.Y. 1997) (the court cannot issue an advisory opinion on the timeliness of a motion not yet before it).

The court will therefore direct the clerk to send Petitioner the § 2254 form, so that he may file a § 2254 petition. *See* N.D. Fla. Loc. R. 5.1(J)(2) (providing that the court will not accept for consideration a petition under § 2254 unless the appropriate form is properly completed, signed, and filed by the litigant); Rule 2(d), Rules Governing Section 2254 Cases (providing that the petition must follow the form attached to the rules or prescribed by local rule). Due to the one-year time limitation, Petitioner should file his petition as quickly as possible.

With regard to Petitioner's motion to proceed in forma pauperis, the court notes that Petitioner failed to provide the requisite supporting documentation for his motion. Although Petitioner provided a prisoner consent form and financial certificate and an attached certified copy of his trust fund account statement, the statement does not cover the six-month period preceding the filing of the motion, as required by 28 U.S.C. § 1915(a)(2). The instant motion was filed July 31, 2009 (*see* Doc. 1 at 1), and Petitioner's account statement covers the six-month period ending May 31, 2009 (*see* Doc. 2, attachment). Therefore, the motion will be denied without prejudice to Petitioner's refiling a complete motion with the required supporting documentation.

Accordingly, it is **ORDERED**:

1. Petitioner's "Motion to Toll and/or Enlarge or Extend Procedural Deadline" (Doc. 1) is **DENIED** as premature.

2. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **DENIED** without

Case No. 3:09cv328/MCR/EMT

prejudice.

3. The clerk of court send Petitioner a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District. The clerk is also directed to send him a copy of the form for use in Section 2254 cases. This case number shall be written on the forms.

4. If Petitioner wishes to proceed under § 2254, he shall have **THIRTY (30) DAYS** from the date of docketing of this order to:

    (a) file a § 2254 petition using the form provided by the clerk; and

    (b) either pay the $5.00 filing fee or submit a complete application to proceed in forma pauperis with the required supporting documentation.

5. In the alternative, Petitioner may comply with this order by filing a notice of voluntary dismissal.

6. If Petitioner fails to timely comply with this order, the undersigned will recommend that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 7th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**