IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON R. SCOTT,
      Petitioner,

vs.                                Case No.:  3:09cv328/MCR/EMT

STATE OF FLORIDA,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a document titled "Motion for Amendment/ Supplement to Motion to Toll and/or Enlarge or Extend Procedural Deadline, 28 U.S.C. § 2244(d)(1) Previously Filed" (*see* Doc. 1).[1]  Petitioner stated that the purpose of his motion was to prevent the State from asserting a procedural defense or defenses, such as statute of limitations or failure to exhaust state court remedies, at such time when Petitioner files a habeas petition under 28 U.S.C. § 2254 (*see* Doc. 1 and attachments).

Upon review of Petitioner's motion it appeared to the undersigned that, in essence, Petitioner was seeking an extension of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), set forth in 28 U.S.C. § 2244(d)(1).  Petitioner was therefore advised that until he has filed a habeas petition this court lacks jurisdiction to consider its timeliness or Petitioner's entitlement to equitable tolling (Doc. 5 at 2) (citing United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding, in the context of § 2255 which also has a one-year limitations period under the AEDPA, that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (citations omitted); Application of Wattanasiri, 982 F.

---

[1] Petitioner states in the motion that he previously attempted to file a "Motion to Toll and/or Enlarge or Extend Procedural Deadline," but the clerk of court returned the motion to him because there was no case number on it, and a search of court records revealed no cases filed by Petitioner in this court (*see* Doc. 1 at 1).  The clerk advised Petitioner to resubmit the motion with the appropriate case number on it or send the document to the appropriate court (*id.*).

Supp. 955, 957–58 (S.D.N.Y. 1997) (the court cannot issue an advisory opinion on the timeliness of a motion not yet before it)).

Thus, Petitioner's "Motion for Amendment/Supplement to Motion to Toll and/or Enlarge or Extend Procedural Deadline, 28 U.S.C. § 2244(d)(1) Previously Filed" (Doc. 1) was denied as premature (Doc. 5). Additionally, the clerk was directed to send to Petitioner the form for use in Section 2254 cases, and Petitioner was ordered to either file a § 2254 petition using the form provided by the clerk or file a notice of voluntary dismissal on or before September 9, 2009 (*see* Doc. 5).[2] Petitioner failed to respond to the order; therefore, on September 15, 2009, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 7). Petitioner did not submit a habeas petition within the allotted time, but he paid the $5.00 filing fee. Therefore, on October 7, 2009, the court issued second order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for his failure to file a habeas petition on the court-approved form as previously ordered by the court (Doc. 10). Now before the court is Petitioner's "Response to the Court Order to Show Cause" (Doc. 13).

In Petitioner's response, he appears to assert that he has been unable to comply with the court's order because the correctional institution where he is confined is "continuously under restrictive movement due to the reconstruction of the prison and the limited ability of properly [sic] obtain access to the Law Library for research to prepare Habeas Corpus petition" (*id.* at 5). The court notes, however, that Petitioner initiated this action with a lengthy motion containing numerous case citations and reference to state and federal procedural rules (*see* Doc. 1). Likewise, the instant response—which contains, for example, citations to federal cases—demonstrates Petitioner's ability to litigate this action, especially considering that Petitioner was provided with the form for use in § 2254 cases, and the form explains that Petitioner need only set forth his claims for relief and a brief summary of facts in support of each claim and that citations to cases or law is not necessary (*see* petition form at page 4).[3] Thus, to the extent Petitioner asserts that construction activity at his

---

[2] Petitioner was also directed to submit the $5.00 filing fee within the same time (*see* Doc. 5).

[3] Although a memorandum of law is permitted, it is not required (*see* petition form at page 4).

place of incarceration has prevented him from complying with this court's order, his assertion is not persuasive.

Additionally, in Petitioner's response he seeks a determination from this court, as he did in the motion filed to initiate this case, that a yet-to-be-filed habeas petition is timely (*see* Doc. 13 at 1–5). As Petitioner was previously advised, however, this court lacks jurisdiction to consider the timeliness of a § 2254 petition, or Petitioner's entitlement to equitable tolling, <u>until a habeas petition has been filed</u>.[4]

In sum, Petitioner has failed to show good cause for his failure to comply with the order of this court directing him to submit a habeas petition on the court-approved form. Therefore, this action, initiated by Petitioner's filing of a motion, should be dismissed for Petitioner's failure to comply with an order of the court.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this <u>28th</u> day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[4] A search of court records on October 28, 2009, revealed no cases filed by Petitioner in this court other than the instant case, and no habeas petition has been filed in the instant case.

Case No. 3:09cv328/MCR/EMT