IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON R. SCOTT,
    Petitioner,

vs.                          Case No.: 3:09cv328/MCR/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## SUPPLEMENT TO REPORT AND RECOMMENDATION

On October 28, 2009, the undersigned issued a Report and Recommendation recommending that this action be dismissed for Petitioner's failure to comply with an order of the court (*see* Doc. 14).[1] Although Petitioner filed no objections to the Report and Recommendation, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 13, 2009 (Doc. 16). Upon review of Petitioner's petition, however, the undersigned concludes that it does not change the conclusion that this action should be dismissed.

---

[1] As outlined in greater detail in the Report and Recommendation, Petitioner initiated this case by filing a motion seeking an extension of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), set forth in 28 U.S.C. § 2244(d)(1), regarding a yet-to-be filed habeas petition. Petitioner was advised that until he has filed a habeas petition this court lacks jurisdiction to consider its timeliness or Petitioner's entitlement to equitable tolling. Petitioner was therefore directed to file a habeas petition on the court-approved form no later than September 7, 2009, and Petitioner was provided with the court-approved form (*see* Doc. 5). Petitioner failed to respond to the order; therefore, on September 15, 2009, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 7). For reasons explained in the Report and Recommendation, a second order to show cause was issued on October 7, 2009, requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to file a habeas petition (Doc. 10). Petitioner filed a response to the second order to show cause, but he did not file a habeas petition, and the undersigned concluded that the reasons set forth in Petitioner's response failed to show good cause for his failure to comply with the order of this court directing him to file a habeas petition. Therefore, the undersigned recommended that, "this action, initiated by Petitioner's filing of a motion, should be dismissed for Petitioner's failure to comply with an order of the court." (Doc. 14).

In the petition, Petitioner raises three claims of ineffective assistance of trial counsel, and in the "Supporting Facts" section of each ground for relief Petitioner states, "to be fully exhausted" (Doc. 16 at 4–5). Moreover, in response to questions that ask whether Petitioner's claims were raised in the state courts, Petitioner states that each claim was raised in a motion for post-conviction relief (*id.*). The petition reflects, though, that Petitioner's Motion for Post-Conviction relief, raising three claims of ineffective assistance of counsel, was filed in "November, 2009" and is "pending" (*see id.* at 4).

As this court is well aware, a petition for writ of habeas corpus may not be entertained in federal court unless Petitioner has first exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed.2 d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277–78, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971). In order to exhaust the issue, Petitioner must fairly and substantially present his claim to the state court prior to filing a petition in federal court. Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (citations omitted). Failure to exhaust is proper grounds for dismissal of a federal habeas petition. Keeney, 504 U.S. 1 at 10.

In the instant case, it is evident from the face of the petition that Petitioner has not exhausted in the state courts his instant claims for relief. Moreover, it is well settled that Petitioner cannot raise such claims in a section 2254 petition until his state court remedies have been exhausted. Therefore, the instant habeas petition is subject to dismissal, not only for Petitioner's failure to comply with orders of this court, but also because the instant federal petition (Doc. 16) was prematurely filed.

Accordingly, Petitioner's recently-filed § 2254 petition does not change the recommendation of the undersigned that this action be dismissed.

**FILED** this 19th day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**